UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICAH R. KUNKLE,

    Plaintiff,

    v.          CAUSE NO. 3:21-CV-755-RLM-MGG

ANDREW HOLCOMB, et al.,

    Defendants.

OPINION AND ORDER

Micah R. Kunkle, a prisoner without a lawyer, filed a complaint from Pendleton Correctional Facility about events that happened when he was detained at the Marshall County Jail awaiting trial. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Most of Mr. Kunkle's claims cannot proceed because the two-year statute of limitations bars the claims. It is unclear whether any of them are timely, so the court will give Mr. Kunkle a chance to file an amended complaint with any claims that might fall within the statute of limitations.

Although the court didn't receive the complaint until October 7, 2021, Mr. Kunkle attested that he placed the complaint in the prison mail system on October 4, 2021. ECF 1 at 5. Under the prisoner mailbox rule, the complaint is deemed filed on that date. *See* Houston v. Lack, 487 U.S. 266 (1988). Causes of actions under 42 U.S.C. § 1983 are subject to Indiana's two-year statute of limitations. *See* Snodderly v. R.U.F.F. Drug Enforcement Task Force, 239 F.3d 892, 894 (7th Cir. 2001). Therefore, the statute of limitations bars any claims that accrued before October 4, 2019.[1]

Mr. Kunkle first alleges that his cell was searched on or about September 11, 2019 at the prosecuting attorney's direction to uncover evidence for the criminal case against him and not for a proper penological purpose. ECF 1 at ¶ 2; ECF 1-1 at 4 (jail grievance about the search); ECF 1-1 at 1 (denial of tort claim notice about the search). Mr. Kunkle's October 2021 complaint is untimely as to a claim arising from a September 2019 search,.

Mr. Kunkle next complains that his clearly marked outgoing legal mail to his criminal attorney was opened outside of his presence and the contents shared with

---

[1] Mr. Kunkle submitted this complaint against Andrew Holcomb, Tami Napier, Matt Hassell, and Jo Truty on October 4, 2021. ECF 1. He filed an amended complaint adding Les McFarland as a defendant in addition to the others. ECF 6-1. The amended complaint was an improper attempt to amend the complaint because it didn't include a description of the claims. Parties may not file piecemeal additions to an original complaint. The Local Rules of this District provide that parties seeking to amend a complaint must submit an amended complaint that is a complete document. *See* N.D. Ind. L.R. 15-1. An amended complaint supersedes all earlier pleadings and controls the case from that point forward. French v. Wachovia Bank, 574 F.3d 830, 835 (7th Cir. 2009). Because Mr. Kunkle is proceeding without a lawyer, the court will refer back to the original com0plaint for the allegations. The effect, though, of adding Les McFarland in at a later date is that, unless Mr. Kunkle can satisfy the relation back requirement in Fed. R. Civ. P. 15(c), the filing date as to Les McFarland for purposes of the statute of limitations is November 7, 2021, when Mr. Kunkle placed the amended complaint in the prison mail system. ECF 6-1 at 3.

2

the prosecutor. ECF 1 at ¶ 4. He doesn't say when this allegedly happened, but the docket in his criminal trial shows that a two-day jury trial was held September 24-25, 2019, and he was sentenced on October 10, 2019. *See Indiana v. Kunkle*, No. 50D01-1811-F3-000041 (Marshall Super. Ct. filed Nov. 2, 2018), available at https://mycase.in.gov. It's unreasonable to infer that the mail was opened within the two years before he filed his complaint. Any claim based on opening attorney letters can't proceed based on these allegations.

Mr. Kunkle alleges that he was denied access to the courts when a defendant (he doesn't say which) frustrated and impeded his efforts to submit a tort claim and § 1983 complaint about the conditions at the Marshall County Jail and to appeal the state court's decision in the guardianship case, In re R.J., No. 50C01-1904-GU-17 (Marshall Circuit Ct. filed April 8, 2019). Even assuming these claims are timely (which is doubtful), there's not enough information in the complaint for the court to determine whether Mr. Kunkle states a claim for denial of access to the courts. Prisoners are entitled to meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. Snyder v. Nolen, 380 F.3d 279, 291 (7th Cir. 2004). The First Amendment right to petition and the Fourteenth Amendment right to substantive due process protect the right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact. *Id*. (citations omitted). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access

to the courts." *Id*. at 291 n.11 (citing Kincaid v. Vail, 969 F.2d 594, 602 (7th Cir. 1992)). To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. Lewis v. Casey, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006). To state a claim, a plaintiff must "spell out, in minimal detail" the connection between the denial of access to legal materials and the resulting prejudice to a potentially meritorious legal claim. *Id*. Mr. Kunkle doesn't explain when these events happened, what the potentially meritorious claims were, and how an individual defendant personally interfered with the access.

Finally, Mr. Kunkle alleges that the chief jailer authorized and instructed his subordinate officers on at least fourteen occurrences to place him in disciplinary segregation on false conduct reports, totaling more than 200 days in all. He alleges this was done to prevent him from filing grievances and assisting others with lawsuit.

Again, Mr. Kunkle gives no time from for when this occurred, so the court can't tell whether any potential claims would be timely.

This complaint can't proceed as written. The court will allow Mr. Kunkle to file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

As a final matter, there is a pending motion for leave to proceed in forma pauperis, submitted without his inmate trust fund ledgers. ECF 2. The court granted Mr. Kunkle leave to proceed in forma pauperis based on a later-filed motion that included his ledgers, ECF 15, so the earlier one will be denied as unnecessary.

For these reasons, the court:

(1) DENIES the motion to proceed in forma pauperis (ECF 2) as moot;

(2) GRANTS Micah R. Kunkle until **May 6, 2022**, to file an amended complaint; and

(3) CAUTIONS Micah R. Kunkle if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a timely claim for which relief can be granted.

SO ORDERED on April 4, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
