UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICAH R. KUNKLE,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW HOLCOMB, TAMI NAPIER, LES McFARLAND, and EDWARD TRUDY,<br><br>Defendants. | CAUSE NO. 3:21-CV-755-RLM-MGG |

OPINION AND ORDER

Micah R. Kunkle, a prisoner without a lawyer, filed a complaint that the court dismissed after concluding that any potential claims were untimely. Mr. Kunkle filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e), which the court granted in light of recent caselaw. Now, the court will screen the operative complaint without regard for the statute of limitations, leaving that issue for further factual development should defendants wish to pursue it. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

*The Cell Search*

Mr. Kunkle alleges that while he was detained in the Marshall County Jail awaiting trial on criminal charges, his cell was searched on September 11, 2019, at the request of Deputy Prosecuting Attorney Tami Napier to bolster her case against him. He contends Marshall County Jail Officer Edward Trudy conducted the search and confiscated several documents, including legal mail from his attorney and his notes about trial strategy for his upcoming trial. Mr. Kunkle reports that he was told jail staff never reviewed his documents and just put them in his property, but he later learned that wasn't true. He asserts that DPA Napier and Les McFarland, an officer with the Marshall County Sheriff's Department, opened his outgoing legal mail to his attorney outside of his presence and copied the legal documents at least three times.

The court first considers whether the search itself could potentially violate the Fourth Amendment, which protects against unreasonable searches. Pretrial detainees have a diminished expectation of privacy in their cells. Bell v. Wolfish, 441 U.S. 520, 556-557 (1979) ("It may well be argued that a person confined in a detention facility has no reasonable expectation of privacy with respect to his room or cell and that therefore the Fourth Amendment provides no protection for such a person. In any case, given the realities of institutional confinement, any reasonable expectation of privacy that a detainee retained necessarily would be of a diminished scope." (citation omitted)); *see also* Block v. Rutherford, 468 U.S. 576, 590-591 (1984) (reaffirming *Bell*'s holding that random searches of pretrial detainee's cells in the

detainees' absence do not violate the Fourth or Fourteenth Amendments). As a matter of law, random searches of pretrial detainees' cells are constitutionally permissible if done for the jail's legitimate security needs. *See* Block v. Rutherford, 468 U.S. at 591. Mr. Kunkle's allegations, however, take this outside the scope of Bell v. Wolfish and Block v. Rutherford because he alleges that the search of his cell wasn't for security reasons, but rather at DPA Napier's request to bolster the state's case against him. *See* Willis v. Artuz, 301 F.3d 65, 68 (2d Cir. 2002) ("We held that a pre-trial detainee does retain Fourth Amendment protection against searches 'at the instigation of non-prison officials for non-institutional security related reasons.'" (quoting United States v. Cohen, 796 F.2d 20, 24 (2d Cir. 1986)). Mr. Kunkle may proceed against DPA Napier,[1] and Officer Trudy on a Fourth Amendment claim for an unreasonable search of his cell on September 11, 2019.

Mr. Kunkle also alleges that his Sixth Amendment right to counsel was violated when DPA Napier and Officer McFarland read the seized correspondence with his attorney. "A practice of prison officials reading mail between a prisoner and his lawyer in a criminal case would raise serious issues under the Sixth Amendment

---

[1] Although prosecutors may claim absolute immunity for conduct "in initiating a prosecution and in presenting the State's case," Imbler v. Pachtman, 424 U.S. 409, 431 (1976), that absolute immunity does not extend to a prosecutor's "administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings," Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). "There is a difference between the advocate's role in evaluating evidence and interviewing witnesses as he prepares for trial, on the one hand, and the detective's role in searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested, on the other hand." *Id.* The cell search appears to fall on the investigative side, so absolute prosecutorial immunity doesn't bar the claim against DPA Napier on the face of the complaint.

3

(and its application, by interpretation of the Fourteenth Amendment, to state criminal defendants), which guarantees a right to counsel in criminal cases." Guajardo-Palma v. Martinson, 622 F.3d 801, 803 (7th Cir. 2010). Mr. Kunkle states a claim against Officer McFarland and DPA Napier, whom he alleges actually read the correspondence with his attorney.

This Sixth Amendment claim, though, is limited to allegations that the defendants' actions chilled his ability to communicate with his attorney by mail and caused him to incur additional legal fees in order to communicate effectively with his attorney. He can't claim that any of these improperly seized documents affected his criminal conviction, which is still intact. Under Heck v. Humphrey, 512 U.S. 477, 487 (1984), if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Thus, allegations that would undermine the factual basis for his convictions can't proceed here.

Mr. Kunkle further alleges that Marshall County Sheriff Matt Hassel and Jail Officer Andrew Holcomb should be held liable for the alleged Sixth Amendment violation. But he doesn't allege they had any involvement in reading the protected correspondence, so the complaint does not state a claim against them. *See* Colbert v. City of Chicago, 851 F.3d 649, 657 (7th Cir. 2017) (personal involvement is necessary for individual liability under 42 U.S.C. § 1983).

4

Mr. Kunkle complains that he couldn't get his legal documents back after his legal documents were confiscated, and frames this as a due process violation. Following the search, Mr. Kunkle filed a grievance at the jail, seeking return of his documents, but no action was taken on it before he was transferred out to start serving his prison sentence. He doesn't say whether he took additional steps to recover his documents.

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." However, Indiana's Tort Claims Act (Indiana Code §34-13-3-1 et seq.) and other laws provide for state judicial review of property losses caused by government employees and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See* Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). A state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law after the harm occurred. Hudson v. Palmer, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). The the existence of the Indiana Tort Claims Act means that Mr. Kunkle can't bring a federal claim to recover for any property losses stemming from the cell search.

Similarly, Mr. Kunkle's contention that the cell search interfered with his access to the courts doesn't state a claim upon which relief can be granted. To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. Lewis v. Casey, 518 U.S. 343, 351 (1996) (holding that Bounds didn't eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006). Thus, to state a claim, a plaintiff must "spell out, in minimal detail" the connection between the denial of access to legal materials and the resulting prejudice to a potentially meritorious legal claim. *Id.*

Mr. Kunkle hasn't shown that any potentially meritorious legal claim was prejudiced. He alleges that several documents relating to other court cases were taken, but he doesn't detail the substance of the underlying cases or describe how the confiscated documents affected that litigation. He hasn't stated a claim for interference with his access to the courts.

6

*Segregation*

Mr. Kunkle next alleges that Marshal County Jail Officer Andrew Holcomb placed him in segregation for more than 200 days between November 2018 and November 2019 on false conduct reports without an opportunity to be heard or any notice of a conduct report. "A pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less." Higgs v. Carver, 286 F.3d 437, 438 (7th Cir. 2002). "[D]ue process requires that he receive advance written notice of the charges, the chance to present testimony and documentary evidence to an impartial decisionmaker, and a written explanation, supported by at least 'some evidence' in the record, for any disciplinary action taken." Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). Mr. Kunkle can proceed on a claim against Officer Holcomb that he was placed in segregation without due process of law in violation of the Fourteenth Amendment.

Mr. Kunkle also alleges his placement in segregation was done in retaliation for protected First Amendment activity, but he doesn't give enough information in the complaint to state a plausible retaliation claim. To state a claim for retaliation, a plaintiff must allege "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." Gomez v. Randle, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citation omitted).

Mr. Kunkle alleges that his First Amendment activity consisted of filing grievances, helping inmates, and contacting attorneys, and that as a result he was placed in disciplinary segregation, had false conduct reports filed against him, and had money taken from trust fund account. This satisfies the requirements that he engaged in protected First Amendment activity and that he suffered a deprivation, but he hasn't provided a plausible basis to conclude that Officer Holcomb was motivated by Mr. Kunkle's First Amendment activity when he placed him in segregation. The only specific grievance Mr. Kunkle identifies was filed in September 2019, after the alleged retaliation had begun. Mr. Kunkle hasn't connected his protected activity with Officer Holcomb's decision to place him in segregation.

*Failure to Train*

Finally, Mr. Kunkle sues Sheriff Hassell for failure to train his subordinates to ensure that they properly followed jail policy. He says Sheriff Hassell failed to ensure that his employees were following policy and he turned a blind eye to the constitutional violations. These allegations don't establish a failure-to-train claim; they suggest instead that Mr. Kunkle is trying to hold the sheriff liable because of his supervisory position at the jail. Mr. Kunkle can't do that. *See* Burks v. Raemisch, 555 F.3d 592, 594-596 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's.").

Mr. Kunkle doesn't suggest that improper cell searches, reading attorney correspondence, or creating false conduct reports are widespread practices at the jail.

8

Failure-to-train liability based on a single constitutional violation requires "a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation." Flores v. City of South Bend, 997 F.3d 725, 732 (7th Cir. 2021) (quoting Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 409 (1997)). The unique circumstances here don't fall into this situation.

For these reasons, the court:

(1) GRANTS Micah R. Kunkle leave to proceed against Deputy Prosecuting Attorney Tami Napier and Marshall County Jail Officer Edward Trudy in their individual capacities for compensatory and punitive damages for an unreasonable cell search on September 11, 2019, in violation of the Fourth Amendment;

(2) GRANTS Mr. Kunkle leave to proceed against Deputy Prosecuting Attorney Tami Napier and Marshall County Sheriff's Officer Les McFarland in their individual capacities for compensatory and punitive damages for chilling Mr. Kunkle's communication with his criminal attorney by reading attorney correspondence confiscated during the September 11, 2019, cell search in violation of the Sixth Amendment;

(3) GRANTS Mr. Kunkle leave to proceed against Marshall County Jail Officer Andrew Holcomb in his individual capacity for compensatory and punitive damages for placing him in disciplinary segregation for over 200 days between November 2018 and November 2019 without due process of law in violation of the Fourteenth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Matt Hassell;

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Tami Napier at the Marshall County Prosecutor's Office, with a copy of this order and the complaint (ECF 38);

(7) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Les McFarland at the Marshall County Sheriff's Department, with a copy of this order and the complaint (ECF 38);

(8) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Edward Trudy and Andrew Holcomb at the Marshall County Jail, with a copy of this order and the complaint (ECF 38);

(9) ORDERS the Marshall County Prosecutor's Office and the Marshall County Sheriff's Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(10) ORDERS, under 42 U.S.C. § 1997e(g)(2), Tami Napier, Edward Trudy, Les McFarland, and Andrew Holcomb to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 6, 2022

                                                             s/ Robert L. Miller, Jr.
                                                             JUDGE
                                                             UNITED STATES DISTRICT COURT