UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICAH R. KUNKLE, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>ANDREW HOLCOMB, *et al.*, )<br>      Defendants. ) | CAUSE NO.: 3:21-CV-755-JVB-MGG |

## OPINION AND ORDER

Micah R. Kunkle, a prisoner without a lawyer, filed an objection to the order entered by United Stated Magistrate Judge Michael G. Gotsch granting the defendants' motion to extend the dispositive motion deadline. ECF 104. The defendants filed a response to the objection. ECF 105.

If a party files an objection to an order entered by a magistrate judge, the presiding district judge will consider it and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co. Ltd.,* 126 F.3d 926, 943 (7th Cir. 1997).

On February 1, 2023, Judge Gotsch entered a scheduling order setting the dispositive motion deadline for November 17, 2023. ECF 67. On October 26, 2023, the defendants filed a motion to extend the deadline by sixty days, citing their recent receipt of Kunkle's deposition transcript and the other professional obligations of counsel, including trials in November and December 2023. ECF 97. On November 1, 2023, Judge Gotsch found good cause, granted the motion, and extended the dispositive motion deadline to January 16, 2024. ECF 102.

Kunkle objects to that ruling, arguing that the defendants are at fault for taking his deposition near the close of discovery and that other counsel representing the defendants do not have trials and so should be able to prepare a dispositive motion by the November 17, 2023, deadline. ECF 104. The defendants counter that the objection should be overruled and/or stricken because they demonstrated good cause to extend the deadline. ECF 105.

"[D]istrict courts have broad discretion to manage their dockets." *A. Bauer Mech., Inc. v. Joint Arb. Bd. of Plumbing Contractors' Ass'n*, 562 F.3d 784, 790 (7th Cir. 2009). "Implicit in this basic principle is the authority to enforce local rules or practices that enable a district court to manage its docket as efficiently and speedily as possible, particularly where there is no risk of unfair prejudice to the litigants." *Id.* Pursuant to Fed. R. Civ. P. 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." When assessing good cause, a district court "primarily considers the diligence of the party seeking amendment." *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 832 (7th Cir. 2016).

The Court's review of the electronic docket reflects that the parties have been reasonably diligent throughout the discovery stage, and that the parties have sought no prior extensions of the deadlines for discovery or to file dispositive motions. The defendants filed the motion to extend in timely manner – three weeks before the expiration of the deadline. The Court cannot fault the defendants for delaying depositions until the near the end of discovery after written discovery has taken place. After all, parties only have one opportunity to depose each witness without leave of court, and depositions generally entail greater time and expense than written discovery. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii) (leave required for multiple depositions of same witness), (b)(2)A) (deposition testimony must be recorded and paid for by the deposing party). Waiting for delivery of the transcript before preparing a dispositive motion is also a reasonable practice given that

parties are required to support their factual positions at summary judgment with specific citations to the materials in the record. *See* Fed. R. Civ. P. 56(c)(1)(A).

To Kunkle's point, a single attorney could likely prepare a dispositive motion by November 17, 2023. For this reason, the Court would be unlikely to accept this reason as good cause from a party that had filed serial motions for extensions of time or repeatedly demonstrated their inability to comply with deadlines. Nevertheless, the Court understands the reluctance in requiring defense counsel who has otherwise acted diligently to prepare such a critical motion without meaningful assistance from other members of their legal team. Moreover, Kunkle offers no explanation as to how this extension has unfairly prejudiced him. Considering the Court's broad discretion on scheduling matters and the defendants' reasonable diligence to date, the Court cannot find that Judge Gotsch clearly erred in extending the dispositive motion deadline by sixty days.

For these reasons, the Court **OVERRULES** Kunkle's objection (ECF 104) to the order extending the dispositive motion deadline (ECF 102).

SO ORDERED on November 13th, 2023.

                                                 s/ Joseph S. Van Bokkelen
                                                 JOSEPH S. VAN BOKKELEN, JUDGE
                                                 UNITED STATES DISTRICT COURT